IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDMUND D. HEFFERNAN, II, ET AL. | : |
| | : |
| v. | : CIVIL NO. CCB-06-966 |
| | : |
| LUMBERMENS MUTUAL CASUALTY CO. | : |

...o0o...

## MEMORANDUM

This suit is between Lumbermens Mutual Casualty Company ("Lumbermens") and Edmund D. Heffernan, II, and Dianne S. Heffernan ("plaintiffs" or "the Heffernans"), who claim that an insurance policy that Lumbermens issued to Mr. Heffernan's employer generally applies to them and/or their deceased minor daughter, and specifically provides under-insured motorist coverage for the accident which killed their daughter. The Heffernans also have sued another insurance provider, Erie Insurance Exchange ("Erie"), for breach of contract relating to coverage for the same accident. (CCB-05-1888.) Erie has moved to intervene as of right or permissively in the Lumbermens' case or alternatively to consolidate both of the Heffernans' suits. For the reasons set out below, the court will deny Erie's motion.

## BACKGROUND

In April 2003, 17-year-old Mallory Heffernan was seriously injured when the driver of the car she was in, John McMahon, Jr., lost control and hit a truck while driving in Delaware. (Compl. ¶¶ 4, 14, 16.) Ms. Heffernan survived the crash but died shortly afterwards. (*Id.* ¶ 16.) Her parents first brought a breach of contract suit against Erie for payment under two policies providing for under-insured motorist coverage on the grounds that Mr. McMahon was under-insured. (Mem. P. & A. Supp. Mot. Intervene or Mot. Consolidate [hereinafter "Mem. Supp. Mot."] 1-2.) It is not disputed that Erie issued policies to the Heffernans; what is disputed is

what coverage for the accident is owed under them.  (*Id.*)  The case (CCB-05-1888) was originally filed in state court, then removed to this court on diversity grounds.  This court has certified a question involving the application of a state law non-economic damage cap to the Maryland Court of Appeals.  (*Id.* at 2.)  The Heffernans next sued Lumbermens, claiming that a policy Lumbermens had issued to Reckitt Benckiser Corporation, Mr. Heffernan's employer, applied to them and/or their daughter and covered their daughter's accident.  (Answer & Affirmative Defenses [hereinafter "Answer"] ¶¶ 8-9.)  Lumbermens denies that this policy included the Heffernans or their daughter and further denies that it provides coverage for Ms. Heffernan's accident.  (*Id.*)  Erie filed the present motion to intervene in the case against Lumbermens, or alternatively to consolidate the cases, because if Erie is found liable to the plaintiffs, some or all of the amount it owes could be offset under the terms of its policies if Lumbermens is found to owe coverage as well.  (Mot. Intervene or Mot. Consolidate [hereinafter "Mot."] ¶ 4.)  Lumbermens opposes the motion; the plaintiffs do not.

## ANALYSIS

### Intervention as of Right

Erie argues that it is entitled to intervention as of right under Fed. R. Civ. P. 24(a)(2) because of its interest in the extent of Lumbermens' liability.  "Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  Fed. R. Civ. P. 24(a)(2).  While Erie does not specify on which side it seeks to intervene, the

court will assume that it wishes to come in as a plaintiff, given its acknowledged goal of finding that Lumbermens owes coverage.  (Mem. Supp. Mot. 5-6.)

A third party seeking to intervene must satisfy four requirements.  *See United States ex rel. MPA Const., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 936-37 (D. Md. 2004).  The movant "must (1) submit a timely motion; (2) demonstrate a 'direct and substantial interest' in the property or transaction; (3) prove that the interest would be impaired if the intervention was not allowed; and (4) establish that the interest is inadequately represented by existing parties."  *Id.* (internal citations omitted).

The court will assume, without deciding, that Erie could satisfy the first three factors.  It fails, however, on the fourth, which requires the prospective intervenor to establish that the existing parties to the case fail to represent its interest adequately.  This burden is minimal; however, if the prospective intervenor "has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented . . ."  *Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214, 216 (4th Cir. 1976) (internal references omitted).  In order to overcome this presumption, the intervenor "must demonstrate adversity of interest, collusion, or nonfeasance."  *Id.*  Lumbermens persuasively argues that Erie shares the Heffernans' ultimate objective: "finding that Lumbermens' policy covers the Heffernans."  (Mem. P. & A. Supp. Resp. Mot. Intervene or Mot. Consolidate [hereinafter "Opp'n Mem."] 5.)

Erie attempts to refute the presumption of adequacy in two ways.  First, Erie disputes the characterization that its objective, ensuring it provides coverage only within the limits of its policy, is identical to that of the Heffernans, whose "objective plainly lies in obtaining the maximum limits of UIM [under-insured motorist] benefits owed to them, not, necessarily,

3

[caring] from which insurer the money should come." (Reply Def.'s Resp. Mot. Intervene or Mot. Consolidate [hereinafter "Reply Mem."] 4.)  While it is true that Erie and the Heffernans are not aligned on each and every issue, as the separate suit between them makes clear, it does not follow that their ultimate objective in the current suit is not identical.  Within this context, Erie's goal of finding Lumbermens liable and the Heffernans' goal of "obtaining the maximum limits" of insurance available to them are one and the same.  Each party seeks an outcome in which Lumberman owes the Heffernans as much coverage as possible.  There thus exists a shared ultimate objective, free of adversity of interest.  Second, Erie suggests that counsel for the Heffernans might not be as qualified to litigate the issue as Erie's, who "specializes in complex coverage matters and has unique knowledge, experience and resources in cases such as this." (Mem. Supp. Mot. 6.)  However, Erie does not suggest that the Heffernans' counsel has committed nonfeasance or even that his performance has been lacking.  All Erie submits is that its own attorney could do a better job, which does not overcome the presumption of adequate representation.  Erie thus fails to satisfy the fourth prong of the test for intervention as of right, and its motion to intervene under Rule 24(a)(2) will be denied.

### Permissive Intervention and Consolidation

Erie also argues that it is entitled to permissive intervention under Fed. R. Civ. P. 24(b)(2), which allows intervention following a timely application, "when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. " The court sees no benefit to Erie's intervention at this time; to the contrary, there is a likelihood of increased time and expense to Lumbermens.

Lumbermens has filed a motion for summary judgment to which the plaintiffs will respond. If the court determines there is no coverage, the case will be dismissed. The Heffernans' breach of contract suit against Erie is in a very different procedural posture, awaiting the Court of Appeals' answer to certified questions concerning damages law. Similarly, no benefit to consolidation has been shown.

      Accordingly, Erie's motion will be denied by separate Order.

 

| | |
|---|---|
|  January 2, 2007  <br> Date |  /s/  <br> Catherine C. Blake <br> United States District Judge |